IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

November 16, 1998

Cecil W. Crowson
Appellate Court
Clerk

PEGGY JEAN BRADFORD,                    )
                                        )
          Petitioner/Appellant,         )
                                        )       Appeal No.
VS.                                     )       01-A-01-9712-CV-00689
                                        )
JAMES WILLIAM ANDERSON                  )       Coffee Circuit
and MYRA ALEA                           )       No. 25,232
                                        )
          Respondents/Appellees,        )
                                        )
IN RE:  Rachel Lee Anderson            )
                                        )
     d/o/b: 10/20/90                    )


APPEALED FROM THE CIRCUIT COURT OF COFFEE COUNTY
AT MANCHESTER, TENNESSEE

THE HONORABLE GERALD L. EWELL, SR., JUDGE


J. BROOKS FOX
MOORE & HEDGES
105 N. Atlantic Street
P.O. Box 1810
Tullahoma, Tennessee 37388
     Attorney for Petitioner/Appellant

H. THOMAS PARSONS
PARSONS, NICHOLS & JOHNSON
101 West Main Street
Manchester, Tennessee 37355
     Attorney for Respondents/Appellees


AFFIRMED AND REMANDED

BEN H. CANTRELL
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

OPINION

This is a custody dispute between the child's father and the child's maternal grandmother, who was nominated as the custodian in the will of the child's mother. The Circuit Court of Coffee County awarded custody to the father and his mother. We affirm.

I.

The child, Rachel Lee Anderson, was born on October 22, 1990 to James William Anderson and Leesa Deyne Anderson. The parents divorced on August 12, 1991 in Coffee County, and the mother was awarded custody of the minor child. Leesa Deyne Anderson died suddenly on April 29, 1997 leaving a will in which she appointed her parents, Peggy and Jerry Bradford as guardians of the child. Jerry Bradford predeceased his daughter on April 19, 1996.

- 2 -

On May 2, 1997 Peggy Bradford filed a petition for custody in the Circuit Court of Coffee County. The petition named James William Anderson as a defendant and alleged that he had demanded custody of the child, but that placing the child in his custody would be dangerous because of his violent and aggressive behavior and psychiatric problems.

James William Anderson obtained permission for his mother Myra Alea to intervene in the action. They filed a counterclaim for joint custody.

The proof shows that since 1980 or before Mr. Anderson had a history of alcoholism and schizophrenia, for which he draws a service-related disability pension. In the past he has shown a propensity to improve and then relapse. His alcoholism makes it more likely that his schizophrenia will recur. In the opinion of one psychiatrist, a man with Mr. Anderson's history would have difficulty with interpersonal relationships and being nurturing to others. As a result, a child in his custody would be "at risk."

Mr. Anderson offered his treating psychiatrist's opinion that he was capable of taking care of the child and that there was no psychiatric pathology that would prevent him from discharging his parental duties. During the sixteen months Mr. Anderson has been

under the psychiatrist's care, he has been sober and has taken the medication prescribed for the schizophrenia. In the opinion of the doctor, Mr. Anderson has steadily improved.

Mr. Anderson testified that he intended to take the child to his mother's home in Florida until he could make more permanent living arrangements. His sister lives about a mile away from his mother, so she can lend additional family support. Both the mother and sister drink socially.

The only testimony about any aggressive behavior on the part of Mr. Anderson came from the maternal grandmother. She testified that she was present at the hearing when her daughter obtained an uncontested divorce. Reciting her daughter's testimony in the former trial Ms. Bradford said her daughter testified that Mr. Anderson had a hot temper and would display it in public. On one occasion, Mr. Anderson threatened to commit suicide, and shot a hole in the floor of their trailer. He once held a gun to his wife's head, and once locked her out of the house in the rain. Over Mr. Anderson's objection, the trial judge admitted this testimony under Rule 804(b)(a), Tenn. R. Evid. We will not review the correctness of that ruling here, because despite that evidence, the trial judge found that Mr. Anderson and his mother should be given joint custody of the child.

II.

Natural parents have a constitutional right to raise their children as they see fit. *Hawk v. Hawk*, 855 S.W.2d 573 (Tenn. 1993). Only when it is necessary to prevent serious harm to the child, may the state interfere with the rights of natural parents. *Id.* at 580.

> Therefore, in a contest between a parent and a non-parent, a parent cannot be deprived of the custody of a child unless there has been a finding, after notice required by due process, of substantial harm to the child. Only then may a court engage in a general "best interest of the child" evaluation in making a determination of custody.

*In Re Adoption of Female Child*, 896 S.W.2d 546 at 548 (Tenn. 1995).

The burden is on the one seeking to deprive the natural parent of the custody of his or her child to prove that the parent's custody poses a risk of serious harm to the child. *In Re Crawford*, 02A01-9405-CH-00124 (filed at Jackson, Feb. 22, 1995). We are satisfied that the grandmother has failed to carry that burden in this case. Although the father has serious mental and dependency problems, his treating physician expressed his opinion that he posed no threat to the child. In all of the strange behavior that he exhibited during his illness, the proof did not reveal that he ever posed a threat to the child.

Although the trial judge did not make a specific finding that the father did not pose a threat to the child, such a finding is implicit in his custody order. His order does recite the father's past substance abuse and psychiatric problems but it relies on the treating physician's testimony that the conditions were in remission and the "general state of the law in Tennessee relative to granting preference to parents over all others." The court concludes by saying that "the proof mandates that the respondent/father, the natural father of this child, be given her custody and be given an opportunity to raise her jointly with his mother." We do not think the proof preponderates against that finding.

Both sides argue that their expert's opinion should be given primary weight. The grandmother argues that the treating psychiatrist had not reviewed the medical records covering Mr. Anderson's entire eighteen year history of mental illness. Mr. Anderson argues that the grandmother's expert offered an opinion based entirely on the medical records without any personal observation. We think under those circumstances the trial judge had to make a determination about which witness was more credible. That determination is entitled to great weight on appeal. *State ex rel. Balsinger v. Town of Madisonville*, 435 SW.2d 803 (Tenn. 1968).

The grandmother also argues that the will nominating her as custodian of the child should be given some consideration. She cites Tenn. Code Ann. § 34-12-103, a general statute governing the appointment of guardians. In that statute, persons designated in the will of a parent or parents are considered for guardianship just after the parents themselves.

We do not think the statute has any application here. This is not a guardianship proceeding. If it were, the statute gives first place to parents. Therefore, we reject the argument that the statute would have a bearing on this case.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Coffee County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

------------------------------------------
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

CONCUR:


--------------------------------
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE